# School District of the Township of Robinson, Appellant, *v.* Cook et al.

*Banks and banking—Checks—Liability of bank to holder of—Tax collectors—School tax—Assumpsit for—Crediting payee with the amount of the check—Affidavit of defense raising questions of law,*

In an action of assumpsit by a school district against a tax collector, to recover a sum of money collected as school tax, plaintiff averred in its statement that a certain bank was the depository of the funds of both the plaintiff and the defendant. Plaintiff also averred that on April 24, 1925, defendant delivered his check on that depository in the amount of the taxes collected for the preceding month to the treasurer of the school district. Defendant's deposit was more than sufficient to pay the check. The treasurer presented the check on April 25th and deposited it to the order of the school district. On April 27th the Secretary of Banking ordered the bank closed and subsequently ordered all deposits made on April 25th returned to the depositors. Defendant's check was returned to plaintiff and the bank refused to honor it.

Under such circumstances the court properly entered judgment for defendant on the affidavit of defense raising questions of law.

A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check.

Crediting a payee or holder with the amount of a check as a deposit by the bank upon which it is drawn is in effect a payment of the check in money and a redeposit thereof. The transaction is the same in effect as if the cash had been handed to the payee and by him returned to the bank. This result does not depend on the amount of cash in bank being equal to the check nor on the financial condition of the bank as shown later on a settlement of its affairs after insolvency.

Argued April 27, 1927. Appeal No. 119, April T., 1927, by plaintiff from judgment of C. P. Allegheny County, October T., 1925, No. 3434, in the case of The School District of the Township of Robinson v. William Cook et al. Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Affirmed.

Assumpsit by a school district to recover the amount of school taxes collected, but not paid over or accounted for by the tax collector. Before Carnahan, J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment on an affidavit of defense raising questions of law. Plaintiff appealed.

*Error assigned* was the order of the court.

*C. W. Sypniewski,* and with him *G. W. Brawner, Jr.,* for appellant, cited: Hemphill v. Yerkes, 132 Pa. 545; Jermyn v. Moffitt, 75 Pa. 400; Swentzel v. Penn Bank, 147 Pa. 140; Fegley v. McDonald, 89 Pa. 128; National State Bank v. Weil, 141 Pa. 457.

*Garnet R. Speer* and *E. W. Arthur,* and with them *James M. Magee,* for appellees, cited: Moeser, Adm. v. Schneider, 158 Pa. 418; Loyd v. McCaffrey, 46 Pa. 410; First National Bank v. Gish, 72 Pa. 13; Muncy Borough School District v. Commonwealth ex rel. Whitter et al., 84 Pa. 464; Bryan v. First National Bank of McKees Rocks, 205 Pa. 11.

OPINION BY LINN, J., July 8, 1927:

The court entered judgment for defendants on an affidavit of defense raising a question of law (sec. 20, Practice Act, 1915, P. L. 483) and plaintiff, the School District of Robinson Township, has appealed. The defendants are William Cook, who was the tax collector of Robinson Township, and his surety. The suit is in assumpsit to recover $743.04 with interest from April 24, 1925. As tax collector it was Cook's duty at the end of each month to pay the school taxes collected during the month to the school treasurer of the district, (School Code, 1911 sec. 553, P. L. 309, 343).

The statement of claim, as amended, avers that Cook collected the school taxes for the period commencing July 1, 1924, and accounted therefor "periodically as required by law, and did pay over to the treasurer the various sums so collected"; that the money he collected for taxes for school and other purposes "he deposited with the Carnegie Trust Company of Carnegie, Pennsylvania, in a checking account which was carried under the title of 'William Cook,' collector" and that the account bore interest at 2% on daily

balances, which was credited every six months. It is averred that "prior to April 24, 1925, for a period of about one month prior thereto, the said William Cook did collect various school taxes which amounted for that period to the sum of $743.04; and on said date, to-wit, April 24, 1925, after banking hours, the said William Cook delivered to the secretary of the said school district of Robinson Township a check on said account [for $743.04], payable to the order of Joseph H. Walker, treasurer." A copy of the check is attached to the statement of claim. It is also averred that on the following day, April 25, 1925, the secretary delivered that check to Walker, the treasurer, "who endorsed the same and deposited it in due course on the same day to the credit of the said School District of Robinson Township in the Carnegie Trust Company, in which trust company the said School District had an account." At that time, plaintiff alleges, Cook had on deposit in the account $759.63. It is averred that on April 27th, the Secretary of Banking of Pennsylvania ordered the Carnegie Trust Company to close and that it was subsequently put into the hands of a receiver; that the Secretary of Banking ordered "all deposits made on the 25th of April, 1925, returned to the depositors and plaintiff's deposit of the aforesaid check, together with other deposits made on said date, was returned and the said bank refused to honor the check . . . . . . . ." The statement avers that the amount represented by the check was not debited to Cook's account, (presumably on the bank's books) nor was the School District given credit of the amount alleged, an averment which contradicts the earlier averment of credit already quoted from the statement. It is also alleged that Cook declined thereafter to make another payment of the amount to the school district, whereby both he and his surety became liable in this suit.

Defendants in their affidavit under Section 20 asserted that no cause of action was set forth.

Restating briefly the facts averred, they are: The bank was the depository of funds of the school district on the one hand, and on the other was also the depository of Cook, the tax collector. It was debtor to both these for funds respectively deposited. It was open for business on the 25th. Cook's check was delivered to the treasurer of the school district. It was an order on the drawee bank to pay the face of it to the school district; the deposit was more than sufficient; the treasurer presented it properly endorsed and deposited it "to the credit of the School District." The bank's contract with Cook was that Cook's order would be honored and his check paid. Instead of taking payment in cash and redepositing the cash to the school district's credit as Walker might have done, he chose to obtain the same result by depositing the check to the credit of the school district and it was so received. There was nothing conditional about the transaction. The contract with Cook was executed. That was the situation on April 25th disclosed by the statement of claim. His depository had complied with its contract with him and had paid the amount to the school district by the credit alleged, and the school district by using the check and taking credit in that way had accepted payment of the school tax from Cook. His obligation to plaintiff, the payee of his check, was discharged. "When the bank gave to Bryan, one of its depositors, credit on his pass book for the two checks drawn on it by another of its depositors, having on its books ample funds to pay them, such credit was equivalent to a payment to Bryan in cash of the amount of the checks. This has never been questioned with us from the time it was first decided in Levy v. Bank of the United States, 4 Dall. 234, and 1 Binn. 27, and it cannot be pretended that, if an actual

cash payment had been made to Bryan by the bank, there could be a recovery back from him, if unwilling to pay it'': Bryan v. Bank, 205 Pa. 7, 10.

There is nothing in the statement of claim that would change the effect of the transaction with Cook, ended, as has been stated, on April 25th. The averment that on Monday, April 27th, the Secretary of Banking ordered deposits received on Saturday, the 25th, to be returned to the depositors, imposes no liability on Cook, for want of authority to impose it. While we affirm the judgment, we cannot accept the view of the learned court below that the deposit was a special fund which was equitably assigned by the check; nor need we discuss the elaborate argument in the briefs on that subject, because there is nothing in the statement of claim enabling us to treat the deposit as a special fund; there is merely a general deposit with a check for part of it. Sec. 189 of the Negotiable Instruments Act of 1901, P. L. 219, provides: ''A check, of itself, does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check.'' Here, of course, the bank neither accepted nor certified the check within the meaning of the act. The case is ruled by Bryan v. Bank, supra; other illustrations to the same effect may be found in Oddie v. Natl. City Bank, 45 N. Y. 735; Natl. Bank v. Burkhardt, 100 U. S. 686, 689; Amer. Natl. Bank v. Miller, 229 U. S. 517, 520; see also Michie, Banks and Banking, vol. 2, p. 908 and p. 1140, where it is said: ''Crediting a payee or holder of, with the amount of, a check as a deposit by the bank upon which it is drawn is in effect a payment of the check in money and a redeposit thereof. The transaction is the same in effect as if the cash had been handed to the payee, and by him returned to the bank. This result does not depend on the amount

of cash in the bank being equal to the check, nor on the financial condition of the bank, as shown later on a settlement of its affairs after insolvency.'' If the bank was insolvent on April 25th, as asserted in appellant's brief, though not averred in the statement, the fact is immaterial in determining the legal effect of the transaction between plaintiff and Cook.

Judgment affirmed.